IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BMO HARRIS BANK N.A.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:18-CV-793-L** |
| § | |
| **RHINO READY MIX TRUCKING;** § | |
| **JOSE ARAMBULA; and** § | |
| **FREDDY AMAYA,** § | |
| § | |
| Defendants. § | |

### ORDER

On October 23, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 28) ("Report") was entered, recommending that the court deny Defendant Jose Arambula's Rule 60(b)(4) Motion to Vacate ("Motion" or "Motion to Vacate") (Doc. 17), filed May 9, 2023, in which he seeks relief from the default judgment entered against him on October 3, 2019. On the same date, the magistrate entered a separate order (Doc. 27), denying Jose Arambula's Request for Hearing (Doc. 18) on his Motion to Vacate. In recommending that the Motion to Vacate be denied, the magistrate judge rejected Jose Arambula's argument that the agreements at issue and, in particular, the Continuing Guaranty he signed in 2014, which includes a forum selection clause establishing Texas as the proper forum for this litigation, are insufficient to: (1) make him responsible for the debt between Rhino Ready Mix Trucking ("Rhino") and BMO Harris Bank, N.A. ("BMO"); and (2) warrant the exercise of personal jurisdiction over him. The magistrate judge concluded that the Continuing Guaranty unambiguously makes him responsible for the debts later owed by Rhino to BMO, the successor of GE Capital, and, consequently, the forum selection clause in the Continuing Guaranty was sufficient to warrant the exercise of personal jurisdiction over Jose Arambula.

**Order –Page 1**

Although his Motion was only four pages in length, Jose Arambula filed eighteen pages of objections (Doc. 29) to the Report.  In his objections, he disputes the magistrate judge's interpretation of the Continuing Guaranty in relation to the other agreements and related conclusions.  He also objects to the magistrate judge's denial of his request for a hearing on his Motion, contending that this ruling was an abuse of discretion because his Request for Hearing was unopposed, and his Motion to Vacate is unique in that he is challenging a default judgment under Federal Rule of Civil Procedure 60(b)(4).  BMO responded, asserting that the Report accurately identifies contractual provisions and legal authority supporting the exercise of personal jurisdiction over Jose Arambula.

The court finds no factual or legal errors in the Report (Doc. 28).  It also finds no error in the order (Doc. 27) denying Jose Arambula's Request for Hearing on his Motion, given the magistrate judge's interpretation, as a matter of law, of the plain language in the Continuing Guaranty.  Accordingly, having considered the Motion, briefs, pleadings, the file, Report, and record in this case, and having conducted a de novo review of the portions of the Report objected to by Jose Arambula, the court determines that the magistrate judge's findings and conclusions are correct; **accepts** them as those of the court; **overrules** Jose Arambula's objections to the Report (Doc. 29); and **denies** his Motion to Vacate (Doc. 17).  Further, the court **overrules** Jose Arambula's objections (Doc. 29) to the denial of his Request for Hearing, and it **affirms** the magistrate judge's order (Doc. 27) denying the Request for Hearing (Doc. 18).

**It is so ordered** 21st day of November, 2023.

Sam A. Lindsay
United States District Judge